**Lawton v. Komar**

*Robert G. Leino,* for appellant
*Glenn M. Ross,* for appellee

TUCKER, *J.,* June 6, 2013—

## I. Procedural History

This matter comes before the court on the denial of an "emergency" motion for equitable relief. On January 9, 2013, Christopher Lawton (hereinafter referred to as "appellant") filed an emergency motion for equitable relief. Miscellaneous mot. (01/09/2013). NPG Venture Six Limited Partnership, NPG Land Management, LLC, National Properties Group, Inc. and Yevgeny Komar

(hereinafter referred to collectively as "appellees") filed an answer to appellant's emergency motion on January 31, 2013. Ans. filed (01/31/2013). The court denied appellant's emergency motion for equitable relief on April 10, 2013, order entered by J. Tucker (04/10/2013). Appellant filed an appeal of the court's denial of his petition for equitable relief the next day on April 11, 2013. Appeal to Superior Court (04/11/2013). The docket reflects that appellant sought to appeal other orders of this court and other courts of coordinate jurisdiction in the same April 11, 2013 appeal. *Id.* On April 16, 2013, the court ordered appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). order entered by J. Tucker (04/10/2013). Appellant filed his 1925(b) statement; however, due to the lengthiness of the statement, the court will not reproduce the statement as per its usual custom. 1925(b) statement (05/06/2013).

## II. Facts

On September 12, 2012, appellant filed a complaint against appellees and James Patton alleging fraud, misrepresentation, conversion, breach of fiduciary duty, breach of contract, unjust enrichment, negligence and gross negligence, rescission of contract, unconscionability, a request to pierce the corporate veil, partition, and various equitable remedies related to a partnership formed for the purpose of developing real estate in the city of Philadelphia. Compl. filed (09/12/2012).

The underlying issues in this matter are as follows: appellees are individuals and/or corporations residing/

incorporated in New York, Pennsylvania and Florida. Compl. filed (09/12/2012). Appellant is an individual residing in Connecticut. *Id.* In May 2006, appellant entered into a partnership agreement for the purpose of investing in real estate with appellee National Properties Group, Inc. (hereinafter referred to separately as "Appellee NPG" or "NPG"). *Id.* The resultant partnership is known as NPG Venture Six Limited Partnership (hereinafter referred to separately as "Appellee NPG V6" or "NPG V6"). Appellee Yevgeny Komar (hereinafter referred to separately as "Appellee Komar") is the president of both Appellee NPG and NPG Land Management LLC (hereinafter referred to separately as "Appellee Land Management" or "Land Management"). *Id.* Appellant is a limited partner in the NPG V6 partnership. *Id.* NPG is a limited partner in the NPG V6 partnership. *Id.* Appellant Patton served in a sales capacity for the partnership. *Id.*

Appellant claims that, due to appellees' mismanagement and fraudulent behavior, he has lost his investment in the NPG V6 partnership. Compl. filed (09/12/2012). Therefore, appellant seeks special, general and punitive damages, as well as attorney's fees, cost and interest. *Id.* Appellant also seeks various forms of equitable relief. *Id.* On January 9, 2013, appellant filed the instant miscellaneous motion for emergency equitable relief. Miscellaneous Motion (09/01/2013). On January 28, 2013, appellees filed preliminary objections to appellant's complaint. Prelim. obj. (01/28/2013).

On March 12, 2013, another court entered an order

sustaining appellees' preliminary objections without prejudice "to be pursued in arbitration before the American Arbitration Association pursuant to the contract between the parties." order entered by J. Ceisler (03/12/2013). On April 10, 2013, this court denied appellant's miscellaneous motion for equitable relief, wherein appellant requested that the court "intervene and balance the equities, by restoring the status quo and returning plaintiff to his pre-investment position by: rescinding the partnership agreement; declaring title to the remaining property in plaintiff's name; and by awarding attorneys fees," among other relief. Miscellaneous motion (09/01/2013).

On April 11, 2013, appellant filed an appeal of two orders entered by other courts in this matter docketed February 2, 2012 and March 12, 2013 respectively. Appeal to Superior Court (04/11/2013). Although this court will not address the merits of orders entered by courts of coordinate jurisdiction, this court will note that appeals of these orders are untimely pursuant to the Pennsylvania Rules of Appellate Procedure. Nevertheless, appellant filed a timely appeal of this court's April 10, 2013 denial of his miscellaneous motion for emergency equitable Relief. *Id.* A discussion ensues:

### III. Legal Analysis of Appellant's Claims

*1. Appellant failed to comply with Pa.R.A.P. 1925(b); therefore all claims on appeal are waived.*

It is well settled that when the trial court orders an appellant to submit a 1925(b) statement, it is a crucial

component of the appellate process. *Commonwealth v. Lord,* 553 Pa. 415, 417 (1998). Pa.R.A.P. 1925(b) requires that the statement of issues complained of shall be concise and set forth only those rulings or errors that appellant intends to challenge. Pa.R.A.P. 1925(b)(4)(i). Issues not raised in accordance with the provisions of Pa.R.A.P. 1925(b) are waived. Pa.R.A.P. 1925(b)(4)(vii). The issues raised in the 1925(b) statement must be "non-redundant" and "non-frivolous." Pa.R.A.P. 1925(b)(4) (iv). Here, appellants submitted a nine (9) page 1925(b) Statement essentially restating the claims brought in his original complaint and emergency motion for equitable relief. 1925(b) statement (05/06/2013). Of the issues that even remotely relate to dispositions made by this court, appellant claims that appellee Lawton is a convicted felon and that the arbitration process is not adequate relief because it's "shrouded in fraud." *Id.* Appellants' claims are redundant and frivolous. The balance of appellant's 1925(b) statement focuses on rulings of the previous courts, which, as discussed below, are either waived or are non-appealable interlocutory orders. Therefore, appellant's claims on appeal are waived.

*2. Appellant did not timely file his appeals pursuant to the Pennsylvania Rules of Appellate Procedure.*

It is well settled that an "appeal shall be taken by filing a notice of appeal with the clerk of the lower court within the time allowed by Rule 903." Pa.R.A.P. 902. An appeal must be filed within thirty (30) days after the entry of the order from which the appeal is taken. Pa.R.A.P. 903.

Here, the docket reflects that appellant seeks appellate review of orders entered in this matter on February 8, 2013 and March 8, 2013. Appeal to Superior Court (04/11/2013). Notwithstanding that these orders were entered by other courts, they are untimely filed. Pa.R.A.P. 903. Therefore, appellant's issues on appeal are waived.

*3. The court did not err in denying appellants' emergency motions for Equitable Relief.*

The court did not err in denying appellant's motion for emergency equitable relief. Pursuant to Pa.R. CP. 1531, a party may seek injunctive relief in the form of a preliminary or special injunction. Pa.R.C.P. 1531. The purpose of this form of equitable relief is "to preserve the status quo as it exists or previously existed before the acts complained of, thereby preventing irreparable injury or gross injustice. A preliminary injunction should issue only where there is urgent necessity to avoid injury which cannot be compensated for by damages." *Maritrans GP, Inc. v. Pepper, Hamilton & Scheetz*, 602 A.2d 1277, 1286 (Pa. 1992) (internal citations omitted). Injunctive relief will lie where there is no adequate remedy at law. *Id.*

Here, appellant filed an emergency motion for equitable relief, wherein seeking the following relief:

1. Rescission of the underlying partnership agreement for NPG V6;

2. Declaration of title to the remaining partnership property, located at 6740 Ogontz Avenue, Philadelphia, PA and 1641 W. Huntington Street, Philadelphia, PA in

appellant's name;

3. Award of attorney's fees in the amount of $10,000.00;

4. Piercing of the corporate veil

5. Entry of judgment in favor of appellant and against appellees, jointly and severally.

Miscellaneous motion (01/09/2013). The balance of appellants' emergency motions for equitable relief detailed the contentious arbitration of the underlying issues in the matter. For example, appellants' claim that: 1) the partnership properties are in a state of mismanagement, to the point where some of the tenants have stolen property; 2) the partnership properties are exposed to tax foreclosure actions due to delinquent property taxes; 3) insurance and utility bills on the partnership properties are not being paid; 4) appellee Komar is in federal prison; 5) appellees have refused to pay damages from another arbitration claim; 6) appellees have refused to pay arbitration fees; 7) appellees have refused to give a full accounting of all investment funds of the various partnerships; 8) appellees are engaging in tactics for the sake of delay and expense; among other issues. *Id.*

Appellant's emergency motion for equitable relief does not preserve the status quo as it currently exists or previously existed. First, the record is clear that appellant seeks the same result upon preliminary injunction that he specifically claimed as relief in his complaint. Essentially, appellant wants this court this award him the very relief which is either the ultimate outcome of the court ordered

arbitration, or the ultimate outcome of the litigation of his claims. Appellant's requested relief would be an improper use of a preliminary injunction pursuant to Pa.R.C.P. 1531. For this reason, the court did not err in denying appellant's emergency motion for equitable relief related to the NPG V6 partnership.

Second, appellant effectively asks this court to overrule the decision of a court of coordinate jurisdiction in regards to the requested relief. Pursuant to the "law of the case" doctrine, this court cannot overrule the decision of a court of coordinate jurisdiction. *Commonwealth v. Starr*, 664 A.2d 1326, 1332-1334 (Pa. 1995). Specifically, one aspect of the "law of the case doctrine" embodies the principal that:

> (3) upon transfer of a matter between trial judges of coordinate jurisdiction, the transferee trial court may not alter the resolution of a legal question previously decided by the transferor trial court.

*Id.* at 1332-1334. Here, another trial court entered an order sustaining appellees' preliminary objections and dismissing appellant's complaint without prejudice "to be pursued in arbitration before the American Arbitration Association" pursuant to the partnership agreement between appellant and appellees as provided by Pa.R.C.P. 1028(a)(6). Order entered by J. Ceisler under Pa.R.C.P. 1028(a) (6), a petitioner may file preliminary objections to any pleading wherein alleging "pendency of a prior action or agreement for alternative dispute resolution." Pa.R.C.P. 1028(a)(6). On April 11, 2013 the court entered an order

denying appellant's request to rescind the underlying partnership agreement for NPG V6; declare title to the remaining partnership property in appellant's name; award of attorney's fees in the amount of $10,000,00; pierce the corporate veil; and enter judgment in favor of appellant and against appellees, jointly and severally. If the court granted appellant's requested relief, appellant would have gained the very relief the other trial court deemed should be resolved in arbitration based on the underlying partnership agreements. The court cannot now effectively overrule the resolution of an underlying legal question resolved by another trial court.

## IV. Conclusion

Appellants have not complied with Pa.R.A.P. 1925(b), therefore all claims on appeal are waived. In addition, to the extent that appellant seeks to appeal orders issued by other courts beside the instant court, this court will not opine on the merits of those rulings. However, the court notes that two (2) of the three (3) orders appealed from are untimely filed pursuant to Pa.R.A. P. 903.

In regard to the one (1) timely filed appeal, the court did not err in denying appellant's emergency motion for equitable relief because the relief requested by preliminary injunction is the very relief as claimed in the original complaint. Appellant seeks to bypass the litigation process, which is an improper use of preliminary objections under Pa.R.C.P. 1531. Lastly, the court did not err in denying appellant's emergency motion for equitable relief because the relief requested would effectively overrule the

ruling on the same legal question handed down by a trial court of coordinate jurisdiction. The court's ruling should stand.